**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Robert Burks, | Case No. 21-cv-455 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Justin Page, Mid Minnesota Legal Services, | |
| Defendant. | |

---

Defendant Justin Page represented Plaintiff Robert Burks in earlier civil litigation. Burks alleges that Page settled the lawsuit without his consent, and he now seeks recovery of $27,000 that (Burks claims) was wrongfully retained by Page as part of the settlement. In addition, Burks seeks $2 million in "emotional damages." Compl. at 5 [ECF No. 1].

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because it is apparent from the face of the complaint that the Court lacks jurisdiction over this matter, it is recommended that this case be dismissed without prejudice.

Burks alleges his pleading presents a federal question of law and that 28 U.S.C. § 1331 therefore supplies subject-matter jurisdiction over his lawsuit. *See* Compl. at 3. This Court, however, cannot discern any federal-law question presented by the complaint. Without elaboration, Burks refers to the case of *United States v. Bishop*, 412 U.S. 346

(1973), *see* Compl. at 3, but that case — which concerns the definition of the word "willfully" in the Internal Revenue Code — has no obvious applicability to the allegations raised by Burks. Nothing else in the pleading offers any hint as to why Burks believes federal law governs his claim for relief.

By all indications, Burks appears to be attempting to raise a garden-variety claim of legal malpractice. Such a claim would arise under *state* law, not federal law. *See, e.g.*, *Noske v. Friedberg*, 670 N.W.2d 740, 742-43 (Minn. 2003) (setting forth elements of legal-malpractice claim under Minnesota law). Section 1331 cannot supply subject-matter jurisdiction for a claim brought wholly pursuant to state law. By contrast, 28 U.S.C. § 1332(a) *can* provide jurisdiction over claims of state law, but only where the parties are of diverse citizenship. Burks makes no such allegation in the complaint; indeed, the citizenship of the parties has not been pleaded. Accordingly, the complaint does not establish that § 1332(a) provides a statutory basis for the Court's subject-matter jurisdiction over this lawsuit either.

Without jurisdiction, the Court cannot proceed to the merits of the claims raised in the complaint or the viability of Burks's application to proceed *in forma pauperis* ("IFP") [ECF No. 2]. It is therefore recommended that this matter be dismissed without prejudice and that Burks's application to proceed IFP be denied as moot in light of the recommendation of dismissal on jurisdictional grounds.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Robert Burks [ECF No. 2] be **DENIED AS MOOT**.

Date: March__15__, 2021              *s/ Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota

                                    *Burks v. Page*
                                    Case No. 21-cv-455 (JRT/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).